Our next case is Christopher v. United States. We will first begin with Mr. Leach. Is that correct? That's correct, yes. Welcome to the Seventh Circuit, Mr. Leach. Thank you. Thank you for having me. Whenever you're ready. In a case where Mr. Christopher was facing a 10-year mandatory minimum sentence for a crime involving a minor, and where Mr. Christopher's conduct involved an adult as part of an FBI sting, counsel's performance fell below a reasonable standard when he failed to raise an argument to dismiss this claim. Today we ask this court to reverse for two reasons. First, the plain text of Section 2260A makes clear that in order to be convicted under the statute, a minor, and not an adult acting as a fictitious minor, must be involved. Under bedrock principles of statutory interpretation, when the language in a statute is plain and ambiguous, as is the case here, the court is bound to interpret that statute as it was written. Second, Mr. Christopher's counsel failed to research a roadmap provided by Dahl of the United States to dismiss the 2260A charge, as well as a Circuit Court decision in Jones that found the argument to very well may have had merit. Given that there was a reasonable probability that the outcome of Mr. Christopher's case would have been different had counsel raised this argument, the performance fell below a reasonable standard. Turning to the statutory argument, we should just first start with the elements of 2260A. And Mr. Leach, I know that you're splitting your time, right? Yes, Your Honor. What are the particular issues that you'll be addressing versus Mr. Banks? Ms. Banks and I are prepared to answer all of those questions on both issues, Your Honor.  Go ahead. So turning to the statutory argument, we should just first begin with those elements. First, you have to be required to have been registered as a sex offender. Second, you need to commit one of the predicate crimes under the statute. And third, that crime has to involve a minor. The word involve means to contain as a necessary element, which I'll note the government didn't dispute in their briefing. Contain as a necessary element? Yes, Your Honor. Yes, to involve as a minor is to contain as a necessary element. I'm sorry, I'm balking because I don't think you mean it involves a categorical kind of analysis, do you? No. We, in this specific element, mean that there has to be a necessary element of a minor in the crime, involved in the predicate crime considered under 2260A. And we think, and kind of in that perspective, we have 2256-1, where minor is defined as a person under the age of 18. So why isn't it sufficient that the government has to prove beyond a reasonable doubt that the defendant intended to victimize a minor? Well, I think the plain language, you know, they could have used the word intended to involve a minor, but instead they used the word involve. They used the word to contain as a necessary element. Congress wrote on the page, in the text, that it needed to contain a minor, a person under the age of 18. I'm sorry, involve as a necessary element, I'm balking again. I understand that there has to be some involvement of a minor in some way, but we know from the list of predicate crimes that a minor's involvement in those crimes is not always a necessary element, correct? A number of them can be violated vis-a-vis with the victim as an adult or a minor, right? That's true, yes. So it could be coincidence. I think I would just say to that perspective, I mean, even crimes in which we're talking about 2422, of which Mr. Christopher was convicted of, it could also involve an adult. And maybe this goes to a point, to Your Honor's point, you know, adults can be contemplated even in child enticement statutes. They use attempt language when they're trying to do that. Even in circumstances where there's an adult member of FBI, like of law enforcement, that's contemplated under the statute, you know, under 2422, Congress knows how to include that circumstance by using attempt language. The absence of the language, the attempt language in 2260A, is really clear and makes clear that Congress is trying to create a super added punishment in circumstances where a minor is harmed. But Mr. Leach, the statute 2260A says, uses the phrase, commits a felony offense, right, involving a minor. And a felony offense, at least under 2421, could include an attempted offense, right? The offense could be an attempted enticement. Yes, that's true. So why isn't the language of the statute, by using the broad language felony offense versus, say, you know, some other language, why is that broad enough to encompass attempt crimes? Well, we think that it's, you know, just a separate offense here where we're considering a different element, right? They may have committed a felony offense, right, under that predicate crime. But that involving a minor is sort of the limiting nature of 2260A. You know, what we see is that, you know, even in the case of 2422, of which Mr. Christopher was convicted, you know, he had not engaged with a minor. He had not involved a minor in his crime. And that attempt language is what puts it under the ambit of 2422. And so your, you know, Judge Hamilton pointed out that the mens rea would have to require a minor, right, would have to involve a minor. In other words, the enticement would have to, the defendant would have had to have intended the enticement to be directed to an actual minor, right? And so is your argument that if Congress wanted to do that, Congress should have been more specific? We think Congress needed to be more specific. Can you point us to any other statute by Congress that would have included such specific language? I could point you to any number of the predicate crimes here, in which all of them, except for I think it's 2244 and 2251A under 2260A, include attempt language. Congress has a clear, well-trodden path to define and include circumstances when they are considering adult members of law enforcement. They use attempt language. In this circuit in United States v. Taylor in 2013, it's held the very same. In order to be convicted under a crime like 2422, that you have to have attempt language in order to do so. That's what meets that ambit of the statute. And because 2260A didn't contain that attempt language, counsel was required to raise the argument here involving this. And we think that United States v. Dahl, which addresses a number of counterarguments under the slaughter court back in 2013, it made it very clear a number of counterarguments as to why, which is one of the reasons why counsel was required to raise that argument. And we think that the three elements here of those circuit court decisions that miss this is that, as we talked about, that mental state element is not there. It's not intending to involve. It's to involve. And there's no attempt language there. We think the presence of the word actual minor in other parts of 2256 also are not dispositive because it's confined to the context of sort of child pornography cases after Ashcroft v. Free Speech Coalition. And we also just think concerningly that the Fortner court in the Sixth Circuit never even addressed Dahl. Didn't cite to it. Didn't acknowledge that it existed. And counsel, under the Strickland standard, is required to raise an argument. In cases in this circuit, like Bridges v. Coleman, this is a sort of intuitive argument looking at the elements of the crime. All we're asking counsel to do here is to review the specific nature of the elements under 2260A here. But the fact that counsel failed to review those elements and raise an argument under this when there was no other viable or even a viable avenue for relief otherwise, it fell below that reasonable standard of performance. Without Dahl, do you think you'd have a performance problem here? Well, I think it's certainly possible, Your Honor. I certainly were helped by the fact that Dahl exists. But I'd point to the case of Coleman where there hadn't been at the time in which counsel was raising the argument that there was no circuit court decision. And I think the specific language was that there was neither any court of appeals nor any federal district court that had found the challenge to have any merit. This court's own precedent in Coleman, I think, makes it clear that even in those circumstances, that if there's a reasonable probability that the end result of the criminal process would have been a sentence of less prison time, as we think is the case here with a 10-year mandatory minimum charge, that that should result in ineffective assistance of counsel. I'd even note with Bridges, I think this court describes the argument that the lawyer was required to make as counterintuitive and artificial. And yet— And that's the categorical method? That's correct, yes, Your Honor. Could I ask you, Mr. Leach, what you all think the appropriate remedy is here, if we were to agree with you? Yeah, I mean, from our perspective, we think the specific harm. Habeas remedies are flexible, and they can be tailored to that constitutional violation. We think here, the violation here, the sort of most tailored remedy, would be to vacate the 10-year sentence. In order, resentencing on the other charge? Certainly, that's up to Your Honor's prerogative. You could leave— That would have to be part of the remedy. It's not required, no. As a practical matter, it would have to be. Sure, yes, yes. From our perspective, we think that vacating that 10-year sentence is sort of tailored to the harm here. And yes, certainly, this court could remand for resentencing. Or does the petitioner here want to just withdraw his plea and go to trial? You know, I mean, we've had conversations with our client here, and what we think, at least from our perspective, is—and he was the one who raised this argument. I see my time's expired. Do you want to go ahead? Yeah, I—you know, he raised this argument pro se, and, you know, I think we're not necessarily going to say one way or the other. However, we'll proceed once we take below. But, you know, I think we think clear that, you know, his conduct didn't meet the statutory elements of 2260A. Thank you, Mr. Leach. Thank you. And Ms. Banks, we'll give you a full three minutes on rebuttal. Mr. Simpson. Good morning. Good morning. Good morning, Your Honors. May it please the Court. I'm Scott Simpson on behalf of the United States. Does the Sixth Amendment right to counsel require an attorney to make a long-shot statutory interpretation argument that two federal circuits have already rejected? That's basically the—with this question, what this case boils down to. This case, of course, includes a statutory interpretation issue, but we're not looking at that in a vacuum. Rather, the question here, Strickland, is the defense counsel below not making that argument? Was that an error so serious that defense counsel was not functioning as the counsel guaranteed by the Sixth Amendment? That's what Strickland says. And, of course, was there prejudice? So on the statutory interpretation issue, this case illustrates that statutory language, statutory construction requires considering the work that a given word or phrase performs in a given statute. Section 2260A incorporates 16 other criminal statutes, some of which refer to children in whole or in part, some of which don't specify the age of the victim at all. Without that phrase, offense involving a minor, Section 2260A would impose an additional 10 years in prison on someone required to register as a sex offender who commits any offense under any of those 16 incorporated statutes. But the purpose of the Adam Walsh Act, which enacted 2260A, the purpose was to protect children and to prevent child abuse. So Congress was telling the courts only to the extent the incorporated statutes involve children, the defendant is guilty of that additional offense under 2260A. In other words, the phrase offense involving a minor was meant to exclude those portions of the incorporated statutes that do not involve offenses against minors. Along the same lines, as Judge Hamilton observed earlier, you have the fact that the statute, the language is also saying that the mens rea element of the underlying offense must involve a minor. And defense counsel below, of course, was aware that Mr. Christopher's offense did involve a minor in that respect. Mr. Simpson, in your experience, are federal prosecutions under these statutes to protect children, do they more commonly involve attempts to... or actual victimization of actual minors or more commonly involve these sorts of stings? Your Honor, I think it depends on the statute. In my district, we see a lot of cases, a lot of enticement cases involving actual minors. I think in my experience, I'm just guessing here, maybe half, something like that. Okay, thank you. And again, that purpose of incorporating a prior offense when it involves a minor from that standpoint of the mens rea, the intent to victimize a minor, that also is consistent with the purpose of the statute to protect minors. Could I ask you, given the debate about supplementing the record with Mr. Patton's post-judgment affidavit here, do you think we should assume for purposes of deciding this appeal that this was an oversight, or that it was not a deliberate or strategic choice and that that might be a factual issue that might have to be addressed later at some point? Your Honor, rather than assuming it, I think the more appropriate conclusion for the court to take is that it doesn't matter because we believe that counsel below did not violate Strickland by not raising this. Let's assume it was not a strategic choice and then address the merits. It wouldn't matter. I do need to ask you, what minor was involved in this 2242B offense? It was not a minor. It was an FBI agent posing as a minor. And so why would it be a long-shot argument if we have a provision that actually defined what minor is? Sure, you have two circuit court cases out there, but disagreements between circuits happens all the time. There's no controlling precedent, and so you have the definition of minor. You have no controlling precedent. You have Dahl, which seems that reasonable jurists might disagree. So how is that a long-shot argument? Your Honor, I think, and I know the defense attorney here very well, very good attorney. I trust his... He is well known to the court. Yes. I trust his affidavit. Obviously, I'm sure his affidavit is correct, but I'm just thinking about what he would have seen if he had looked into this. He would have seen slaughter by the mixed up slaughter in Fortner. I think slaughter was the 11th Circuit, 2013. And then two years later, Dahl, district court, disagreed with it. And then four years later, Fortner, the other circuit, going the other way. All of that, and I'm partly... I am answering your question, Judge Hamilton. I think we have to look at all the things that Mr. Patton would have seen if he had looked into this. Fortner going the other way, and all of that makes Dahl look like an outlier, look like an aberration. And then you have all of the things we've talked about in relation to the construction of the statute. You can't just look at the statute in kind of a knee-jerk way. Oh, that's what it says. It says minor. You have to look at, again, as I said, you have to look at how it fits into the statute. And I think if Mr. Patton had looked into it, he would have seen all of that. And it looks like a pretty, as I said, I think it looks like a pretty long-shot argument. Do you see the phrase involving a minor here? How would you define it? And do you see it as ambiguous or as broad or in some other way? I don't see it as ambiguous, Your Honor. Again, Your Honor, again, because of how the statute is constructed, they're incorporating a bunch of other statutes, some of which involve minors, some parts of which involve minors, some parts of which don't involve minors, some of which don't specify at all. And so we have to obviously guess at what Congress was saying or logically deduce what Congress was thinking. But... Let's stay away from guess. From guessing, certainly. We have to logically try to deduce what Congress was saying. And they're trying to say, okay, we have all of these statutes. Some of them involve minors, some don't, some don't specify. And we're going after minors. Again, the Adam Walsh Act is saying we're going after, we're trying to protect minors, trying to prevent child abuse. They're saying, okay, we want to, we're going after minors. And I, this is very subtle also, but it says offense involving a minor. The categorical approach was referred to earlier. It almost feels like a, looking at the statute on its face, does this statute and does the mens rea under the statute involve a minor? So we believe that Congress was doing that, was saying to the extent these offenses involve minors, that's what's incorporated. And as I said, the defense counsel below would have seen all of that case law. Those decisions, those two Court of Appeals decisions, we think are thorough, are well-reasoned, unanimous, both of those decisions unanimous on the part of each panel. And all of that, again, makes the district court decision look like an outlier. As this court has said, defense counsel need not pursue every non-frivolous issue under the sun. We don't, and we don't want, we don't want defense attorneys to be doing that. We don't want defense attorneys to be bringing in every possible, every possible issue for fear that they might later be held to have failed to provide constitutionally effective assistance of counsel. And we don't want district courts to have to deal with every possible argument. The Sixth Amendment does not give a defendant a constitutional right to an attorney who will push every conceivable issue. Now, finally, if I could just address, earlier there's been some reference to Coleman and I think Bridges as well. I realize that I'm talking to judges who are extremely familiar with both of those decisions. We think those are different. And in this respect, in both of those cases, the court was applying settled categorical approach principles to the issues presented in Coleman. The court said the framework for that argument about drug isomers was already established. And in Bridges, the court said the building blocks of the argument about Hobbs Act robbery were already established. The problem in Coleman and Bridges, we suggest was that the defense counsel had not seen that train coming that was on the way with the foundations of those arguments already in place. And in fact, the court in Coleman noted that there was no adverse precedent for closing the viability of a roof-type challenge in 2013 when Mr. Coleman was sentenced. Here, very, very different with those two Court of Appeals decisions. Can I finish my two sentences? I see.  Thank you, Your Honor. In this case, in contrast, presents an issue regarding the correct interpretation of a single statute. There's no approaching train that we need to be thinking about here. No approaching train that we need to consider whether defense counsel should have seen approaching. And in fact, two appellate courts that already said that the train was going in the opposite direction. So we would urge the court to affirm. Thank you. Ms. Banks, we'll give you three minutes. Welcome to the court, Ms. Banks. Thank you so much, Your Honor. My name is Jalyn Banks on behalf of Mr. Charles Christopher. Three quick points, Your Honors. The government mischaracterizes the performance issue here, ultimately. And the order of case law. So here, counsel had four cases, a universal case,  of four cases to discover in order to consider and raise the straightforward statutory issue here. One case, slaughter, which this court is familiar with. A second case from the First Circuit, United States v. Jones, which again held that the statutory issue here may very well be meritorious. Three, Dahl providing a roadmap to counsel in order to consider and raise the straightforward statutory issue here. And fourth, Fortner, which simply reaffirmed the flawed reasoning of slaughter. Given that that was the four cases that counsel here had to research and discover, counsel's performance was deficient for failing to raise that argument with his client facing a 10-year mandatory minimum sentence and no other viable alternative defenses. Also, the government notes some subsequent case law that arose. And I would like to point out one thing, Your Honor. Lusk, one of the cases that came after slaughter in the 11th Circuit, is actually cut the other way. So in Lusk, it is clear that attorneys in the 11th Circuit were still raising the straightforward statutory issue in defense of their clients, despite the fact that the statutory issue there was foreclosed by prior case law. If counsel was raising a straightforward statutory issue in a circuit where the argument was effectively foreclosed, counsel here in this circuit, where the issue had not been addressed prior, should have raised the argument, again, where his client was facing a 10-year mandatory minimum with no other viable alternative arguments. Second, Your Honor, the government, again, would like this court to guess at the legislative intent that Congress had when enacting 2260A. The legislative intent, Your Honors, is not clear, but the plain text is clear and unambiguous. And as Justice Holmes noted over 100 years ago, we must not construe a statute upon the speculation that if the legislature had thought of it, very likely broader words would have been used. Again, highlighting the fact that interpreting the words on the page is the cardinal rule of statutory interpretation. Third, Your Honors, I would like to turn to this point. The Dahl Court noted that the rule of lenity need not be invoked, again, because the statutory issue here was so plain and unambiguous. But at least, at the very least, this is a close question. And as Justice Gorsuch noted on the rule of lenity, our distinctly American version of the rule of law seeks to ensure that people are never punished for violating just so rules concocted after the fact. Under our rule of law, punishment should never be the product of judicial conjecture. And so ultimately, Your Honors, all told, counsel here had a straightforward statutory issue at their disposal that they omitted and did not raise absent by any other viable alternative arguments or defenses for their client and a 10-year mandatory minimum that their client was facing, which prejudiced Mr. Christopher's case in several ways. And because of that, we are asking this court to vacate count two of Mr. Christopher's sentence, along with the 10-year term of imprisonment. Thank you. Thank you to counsel for your arguments today. Particularly thanks to the Federal Appellate Clinic at the New York University School of Law for taking this on an appointed basis. We will take the case under advisement. Thank you.